1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| 7  RICHARD PARKER, | No. 1:15-CV-03046-MKD |
| 8             Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY |
| 9        vs. | JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR |
| 10  CAROLYN W. COLVIN, | SUMMARY JUDGMENT |
| 11  Acting Commissioner of Social Security, | ECF Nos. 13, 18 |
| 12             Defendant. | |

13      BEFORE THE COURT are the parties' cross-motions for summary

14  judgment. ECF Nos. 13, 18. The parties consented to proceed before a magistrate

15  judge. ECF No. 7. The Court, having reviewed the administrative record and the

16  parties' briefing, is fully informed. For the reasons discussed below, the Court

17  denies Plaintiff's motion (ECF No. 13) and grants Defendant's motion (ECF No.

18  18).

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
1

1

## JURISDICTION

2       The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

3   1383(c)(3).

4

## STANDARD OF REVIEW

5       A district court's review of a final decision of the Commissioner of Social

6   Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g)

7   is limited; the Commissioner's decision will be disturbed "only if it is not

8   supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698

9   F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence

10  that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at

11  1159 (quotation and citation omitted).  Stated differently, substantial evidence

12  equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.*

13  (quotation and citation omitted).  In determining whether the standard has been

14  satisfied, a reviewing court must consider the entire record as a whole rather than

15  searching for supporting evidence in isolation.  *Id.*

16      In reviewing a denial of benefits, a district court may not substitute its

17  judgment for that of the Commissioner.  If the evidence in the record "is

18  susceptible to more than one rational interpretation, [the court] must uphold the

19  ALJ's findings if they are supported by inferences reasonably drawn from the

20  record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
2

1   court "may not reverse an ALJ's decision on account of an error that is harmless."

2   *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate

3   nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The

4   party appealing the ALJ's decision generally bears the burden of establishing that

5   it was harmed.  *Shineski v. Sanders*, 556 U.S. 396, 409-410 (2009).

6                          **FIVE-STEP EVALUATION PROCESS**

7          A claimant must satisfy two conditions to be considered "disabled" within

8   the meaning of the Social Security Act.  First, the claimant must be "unable to

9   engage in any substantial gainful activity by reason of any medically determinable

10  physical or mental impairment which can be expected to result in death or which

11  has lasted or can be expected to last for a continuous period of not less than twelve

12  months."  42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).  Second, the claimant's

13  impairment must be "of such severity that he is not only unable to do his previous

14  work[,] but cannot, considering his age, education, and work experience, engage

15  in any other kind of substantial gainful work which exists in the national

16  economy."  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

17        The Commissioner has established a five-step sequential analysis to

18  determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

19  404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner

20  considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
3

1  416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3  404.1520(b); 416.920(b).

4        If the claimant is not engaged in substantial gainful activity, the analysis

5  proceeds to step two.  At this step, the Commissioner considers the severity of the

6  claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7  claimant suffers from "any impairment or combination of impairments which

8  significantly limits [his or her] physical or mental ability to do basic work

9  activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10  416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11  however, the Commissioner must find that the claimant is not disabled.  20 C.F.R.

12  §§ 404.1520(c); 416.920(c).

13        At step three, the Commissioner compares the claimant's impairment to

14  severe impairments recognized by the Commissioner to be so severe as to preclude

15  a person from engaging in substantial gainful activity.  20 C.F.R. §§

16  404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

17  severe than one of the enumerated impairments, the Commissioner must find the

18  claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

19        If the severity of the claimant's impairment does not meet or exceed the

20  severity of the enumerated impairments, the Commissioner must pause to assess

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
4

1    the claimant's "residual functional capacity." Residual functional capacity (RFC),

2    defined generally as the claimant's ability to perform physical and mental work

3    activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

4    404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the

5    analysis.

6      At step four, the Commissioner considers whether, in view of the claimant's

7    RFC, the claimant is capable of performing work that he or she has performed in

8    the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

9    If the claimant is capable of performing past relevant work, the Commissioner

10   must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).

11   If the claimant is incapable of performing such work, the analysis proceeds to step

12   five.

13     At step five, the Commissioner considers whether, in view of the claimant's

14   RFC, the claimant is capable of performing other work in the national economy.

15   20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

16   the Commissioner must also consider vocational factors such as the claimant's

17   age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v);

18   416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

19   Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

20   404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
5

work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.920(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ's FINDINGS

Plaintiff applied for Title II Disability Insurance Benefits (DIB) and Title XVI Supplemental Security Income (SSI) on November 16, 2011, alleging onset beginning October 31, 2008.  Tr. 236-237, 238-243.  The application was denied initially, Tr. 128-136, and upon reconsideration, Tr. 139-150.  Plaintiff appeared for a hearing before an administrative law judge (ALJ) on November 8, 2013.  Tr. 36-75.  On June 19, 2014, the ALJ denied Plaintiff's claim.  Tr. 14-35.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 20.  At step two, the ALJ found Plaintiff suffers from the following severe impairments: left knee patella/femoral syndrome and drug and alcohol abuse.  Tr. 20.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

medically equals a listed impairment.  Tr. 21.  The ALJ then concluded that the Plaintiff had the RFC to perform light work, with additional limitations.  Tr. 21-28.  At step four, the ALJ found Plaintiff could not perform any past relevant work.  Tr. 28.  At step-five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could perform, such as an assembler, a bench assembler, and a call-out operator.  Tr. 29.  On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act.  Tr. 29-30.

On January 20, 2015, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him DIB and SSI under, respectively, Title II and Title XVI of the Social Security Act.  ECF No. 13.  Plaintiff raises the following issues for this Court's review:

1.   Whether the ALJ had a duty to order a consultative examination to further develop the record;

2.   Whether the ALJ properly discredited Plaintiff's symptom claims;

3.   Whether the ALJ properly weighed the medical opinion evidence; and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1    4.  Whether the ALJ properly discredited lay testimony from Plaintiff's

2    wife.

3                                    **DISCUSSION**

4    **A. Developing the Record**

5          Plaintiff contends the ALJ failed to fully develop the record by failing to

6    order a consultative examination (CE).  ECF No. 13 at 6-9.

7          The gathering and presentation of medical evidence is critical to the fair and

8    effective operation of the system for distributing social security benefits based on

9    disability.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).  Although the

10   claimant bears the burden of demonstrating disability, *Bowen v. Yuckert*, 482 U.S.

11   137, 146 n.5 (1987), the ALJ has a duty "to investigate the facts and develop the

12   arguments both for and against granting benefits . . . ." *Sims v. Apfel*, 530 U.S.

13   103, 110-11 (2000).  This duty, known as the ALJ's duty to develop the record,

14   requires ALJs to "scrupulously and conscientiously probe into, inquire of, and

15   explore for all the relevant facts." *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir.

16   1992) (quotations omitted).  "An ALJ's duty to develop the record further is

17   triggered only when there is ambiguous evidence or when the record is inadequate

18   to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d

19   453, 459-60 (9th Cir. 2001).

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
8

1   "One of the means available to an ALJ to supplement an inadequate medical

2   record is to order a [CE], i.e., 'a physical or mental examination or test purchased

3   for a claimant at the Social Security Administration's request and expense.' "

4   *Reed*, 270 F.3d at 841 (citing 20 C.F.R. §§ 404.1519, 416.919) (brackets omitted).

5   An ALJ possesses broad latitude in determining whether to order a CE.  *Id.* at 842.

6   An ALJ may order an examination "to try to resolve an inconsistency in the

7   evidence, or when the evidence as a whole is insufficient to allow him to make a

8   determination or decision on [the] claim."  20 C.F.R. §§ 404.1519a(b),

9   416.919a(b).

10   Here, the ALJ declined to order a CE.  In support of his decision, the ALJ

11   cited to the unpublished decision, *Butts v. Chater*, 78 F.3d 592 (9th Cir. 1996).  In

12   *Butts*, the Court held an ALJ does not fail in his duty to develop the record by not

13   seeking evidence or ordering further examination or consultation regarding a

14   claimed mental impairment, if no objective medical evidence indicates that such

15   an impairment exists.  78 F.3d at 592.  Finding no objective medical evidence to

16   support Plaintiff's alleged learning disability, the ALJ declined to order a CE.

17   Plaintiff faults the ALJ for relying on the unpublished *Butts* decision.

18   Plaintiff contends the ALJ should have relied instead on an unpublished district

19   court decision, *Sampert v. Colvin*, No. CV-11-00410-CI, 2013 WL 2436471, at

20   *15 (E.D. Wash. May 29, 2013) (finding that ALJ did not err in declining to order

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
9

1  a CE).  ECF No. 13 at 7.  According to Plaintiff, *Sampert* requires an ALJ to order

2  a CE if "[t]he record . . . contains sufficient objective evidence to suggest the

3  'existence of a condition which would have a material impact on the disability."

4  Relying on *Sampert*, Plaintiff contends he need only produce some objective

5  evidence to be entitled to a CE.

6      The Court is not persuaded that Plaintiff's interpretation is correct.  *See,*

7  *e.g.*, *Reed*, 270 F.3d at 842 (ALJ should order a CE to "supplement an inadequate

8  *medical* record") (emphasis added); *see also Spence v. Colvin*, 617 Fed. App'x

9  752, 754 (9th Cir. 2015) (An ALJ is not required to order a CE where there is no

10 objective medical evidence of a mental impairment); *Horn v. Astrue*, 345 Fed.

11 App'x 235 (9th Cir. 2009) ("The ALJ did not fail to fully develop the record, as

12 the objective medical evidence was not ambiguous or inadequate . . . .") (citing

13 *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)); *Skinner v. Astrue*, 478 F.3d

14 836, 844 (7th Cir. 2007) (ALJ is not required to order CE where there is no

15 medical evidence of an impairment).  Importantly, even in *Sampert*, the case cited

16 by Plaintiff, the court found that the ALJ did not err in declining to order a CE.

17      However, in this matter, the distinction Plaintiff seeks to draw is irrelevant.

18 Regardless of the standard applied, the ALJ did not err in declining to order a CE.

19 The record supports the ALJ's finding that there is insufficient objective evidence

20 – medical or otherwise – indicating Plaintiff suffers from a mental impairment.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
10

1   Plaintiff and those relying on his subjective reports are the only ones to suggest he

2   experienced any cognitive difficulties.  At a physical evaluation for his hip and

3   leg, dated February 21, 2010, Plaintiff told Marie Ho, M.D., he received special

4   education instruction in high school because of a learning disability.  Tr. 366.  She

5   did not conduct a mental status exam, but briefly noted that his learning disability

6   may limit his ability to function in the work place.  Tr. 370.  Dr. Ho did not

7   perform any test to support her comment.  No treating provider diagnosed the

8   Plaintiff with a mental impairment.  As the ALJ noted, despite his alleged learning

9   disability, Plaintiff graduated from high school and worked a semi-skilled job.  Tr.

10  18.  As the ALJ further noted, such behavior is consistent with Plaintiff's claimed

11  hobbies, including computer operation repair, small engine repair, and

12  woodworking.  Tr. 25 (citing 366).  This record is not ambiguous or inadequate;

13  there is no objective evidence indicating Plaintiff suffered from a mental

14  impairment.  Accordingly, the ALJ reasonably declined to order a CE.

15      **B. Adverse Credibility Finding**

16      Plaintiff faults the ALJ for failing to provide specific findings with clear and

17  convincing reasons for discrediting his symptom claims.  ECF No. 13 at 9-17.

18      An ALJ engages in a two-step analysis to determine whether a claimant's

19  testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must

20  determine whether there is objective medical evidence of an underlying

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
11

impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom []he has alleged; []he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

Here, the ALJ found Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were "not entirely credibly" because: (1) his treatment was routine and conservative in nature; (2) he exaggerated his symptoms; (3) his daily activities were inconsistent with his symptom claims; (4) his lack of employment was not related to his alleged impairments; and (5) he continued to abuse controlled substances and lacked candor regarding his drug use. Tr. 23-25.

### 1.   *Routine and Conservative Treatment*

The ALJ found the extent and nature of medical treatment Plaintiff received undermined the alleged functional limitations he alleged. Tr. 23-24.

The ALJ found Plaintiff's symptom claims were inconsistent with the relatively minimal treatment he sought, the routine and conservative nature of the treatment prescribed, and Plaintiff's refusal to follow the prescribed treatment. Tr. 23. Plaintiff did not seek treatment until June 17, 2009, six months after he

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

alleges his disability began.  Tr. 23 (citing 42, 441-442).  Plaintiff was prescribed only Ibuprofen and Naproxen for pain, advised to wear a knee brace, and instructed to exercise at home.  Tr. 23 (citing 438, 442-444, 450, 455-456). Plaintiff declined to take the anti-inflammatory medications doctors prescribed. Tr. 23 (citing 433, 438).  Medical treatment received to relieve pain or other symptoms is a relevant factor in evaluating pain testimony.  20 C.F.R. §§ 416.929(c)(3)(iv), 416.929(c)(3)(v).  An "individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure."  Social Security Ruling (SSR) 96–7p.[1]  An ALJ may infer a claimant's pain complaints are not as disabling as reported when a claimant is prescribed conservative treatment, *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007), did not seek aggressive treatment, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir.

---

[1] "Social Security Rulings (SSRs) do not carry the 'force of law,' but they are binding on ALJs nonetheless.  They reflect the official interpretation of the SSA and are entitled to some deference as long as they are consistent with the Social Security Act and regulations."  *Molina*, 674 F.3d at 1113 n.5 (brackets, quotations, and citations omitted).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

2008), or did not follow a prescribed course of treatment, *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007).

Plaintiff contends more aggressive treatment was not available due to the nature of his impairment and, to the extent more aggressive treatment was available, he alleges he could not pay for it.  A conservative course of treatment can undermine allegations of debilitating pain, but "such fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).  For example, a claimant "cannot be discredited for failing to pursue non-conservative treatment options where none exist." *Lapeirre-Gutt v. Astrue*, 382 Fed. App'x 662, 664 (9th Cir. 2010).  Similarly, a claimant cannot be discredited because he cannot financially afford treatment.  *Orn*, 495 F.3d at 625.  Nothing in the record suggests Plaintiff could not afford the anti-inflammatories doctors prescribed.  In contrast, Plaintiff declined anti-inflammatories because he believed they did nothing for him.  Tr. 438.  His failure to take the anti-inflammatories undermines his claim that more aggressive treatment was not available and serves as an independent basis to discredit Plaintiff for failing to follow the treatment his doctors prescribed.  Either reason is sufficient to sustain the ALJ's finding, as is the relatively minimal treatment he sought.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

2.   *Exaggerated Symptoms*

The ALJ found Plaintiff exaggerated the severity of his pain and limitations. Tr. 24.  In support of his findings, the ALJ considered Plaintiff's statements, treatment records, medical findings, and prescriptions for pain relief.  The ALJ found Plaintiff's treatment records did not document the pain he reported, which he alleged was so severe that he could not sleep, get out of bed, or even move.  Tr. 24 (*comparing* Tr. 322, 328, 336, 344 *with* 387-462 and 470-535).  While Plaintiff alleged debilitating knee pain, the ALJ found doctors prescribed only low-dose medication and physical therapy.  Tr. 24 (*comparing* Tr. 328 *with* Tr. 442-444, 450, 455-456).

A claimant's subjective allegations of pain are governed by 42 U.S.C. § 423(d)(5)(A).  Under this section, a claimant will not be considered disabled based solely on subjective complaints of pain.  "The claimant must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged . . . .' " *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A)). In interpreting Section 423, the Ninth Circuit held, "Congress clearly meant that so long as the pain is associated with a clinically demonstrated impairment, credible pain testimony should contribute to a determination of disability." *Cotton v. Bowen*, 799 F.2d, 1403, 1407 (9th Cir. 1986) (quotations omitted).  Under this

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

precedent, "once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell*, 947 F.2d at 345 (citing *Cotton*, 799 F.2d at 1407). But an ALJ may find the claimant's allegations of severity not credible if the ALJ makes specific findings which support this conclusion. *Id.* To assist ALJs in making the required findings, the Secretary issued SSR 88-13. *Id.* These factors are: (1) the nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) precipitating and aggravating factors (e.g., movement, activity, environmental conditions); (3) type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) treatment, other than medication, for relief of pain; (5) functional restrictions; and (6) the claimant's daily activities. *Id.*

"An adjudicator may also use 'ordinary techniques of credibility evaluation' to test a claimant's credibility. So long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence." *Bunnell*, 947 F.2d at 346 (citing *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989)).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

Plaintiff contends the ALJ did not follow the *Cotton* test for evaluating a claimant's pain testimony.  Under that test, Plaintiff emphasizes that a claimant "need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof."  ECF No. 13 at 12 (quoting *Bunnell*, 947 F.2d at 347-48).  An ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence."  *Bunnell*, 947 F.2d at 347-48.   But, here the ALJ permissibly relied on ordinary techniques of credibility evaluation, treatment notes, and medications, in additional to a lack of medical findings corroborating the Plaintiff's testimony.  As explained above, these constitute clear and convincing reasons for discounting the Plaintiff's claims about the intensity of pain his medical impairments cause.

3.    *Daily Activities*

The ALJ found that Plaintiff engaged in daily activities inconsistent with his subjective complaints.  Tr. 24-25.

First, the ALJ found that Plaintiff performed his own self-care.  Tr. 24.  The ALJ recognized that while his wife did all of the shopping, he admitted he was able to prepare simple meals, perform minimal house work, and fix things around the house.  Tr. 24 (citing Tr. 269-270, 306-307, 314-315, 330-331, 338-339, 366, 449, 474-475, 496, 510, 522, 524).  In addition, the ALJ noted that Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

reported performing volunteer work (*i.e.*, "phones and support") in January 2010.

Tr. 267.  In September 2010, Plaintiff reported riding his bike for transportation,

helping a friend move by lifting boxes and furniture, and doing some roof work.

Tr. 481-483, 485-486.  In February 2011, Plaintiff reported that "he uses a bike as

his main motor [sic] transportation and states that he actually does fairly well with

this."  Tr. 467.  In March 2011, he reported being able to engage in a few of his

usual recreational activities.  Tr. 510.  In addition to these activities, Plaintiff

reported the following hobbies: game systems, computer operation repair, small

engine and house repair, woodworking, and watching television and movies.  Tr.

25 (citing Tr. 271, 308, 316, 329, 340, 366).  The ALJ found these activities

indicated Plaintiff's symptoms were not as limiting as he alleged.  Tr. 24-25.

A claimant's reported daily activities can form the basis for an adverse

credibility determination if they consist of activities that contradict the claimant's

"other testimony" or if those activities are transferable to a work setting.  *Orn*, 495

F.3d at 639; *see also Fair*, 885 F.2d at 603 (daily activities may be grounds for an

adverse credibility finding "if a claimant is able to spend a substantial part of his

day engaged in pursuits involving the performance of physical functions that are

transferable to a work setting.").  "While a claimant need not vegetate in a dark

room in order to be eligible for benefits, the ALJ may discredit a claimant's

testimony when the claimant reports participation in everyday activities indicating

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
19

capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13 (internal quotation marks and citations omitted).  The ALJ properly discounted the credibility of Plaintiff's testimony.

### 4.    *Plaintiff's Work History*

The ALJ discounted Plaintiff's testimony about the severity of his limitations because Plaintiff's inconsistent work history suggested that his lack of employment was not related to medical impairments but to lifestyle choices.  Tr. 25 (citing Tr. 244-254, 275-281, 290-91, 297-302).  In support of his finding that Plaintiff's lack of employment was a lifestyle choice, the ALJ also referenced Plaintiff's criminal and substance abuse history and seasonal work after the alleged onset date of November 2011.[2]  Tr. 25 (citing Tr. 226, 256, 276).  An inconsistent work history or little propensity to work may negatively affect a claimant's credibility about his inability to work.  *Thomas*, 278 F.3d at 959.  This was a specific, clear, and convincing reason to find Plaintiff not credible.

---

[2] Plaintiff alleges he did not engage in any seasonal work after the alleged onset date and contends the record contains a scrivener's error.  ECF No. 13 at 14. Plaintiff is correct, and the ALJ should not have relied on it.  *See* Tr. 72.  But the error is harmless.  *Carmickle*, 533 F.3d 1163.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

5.    *Substance Abuse History*

The ALJ discounted Plaintiff's testimony about the severity of his limitations because of Plaintiff's long history of marijuana use, his history of methamphetamine use, and his lack of candor with medical providers about his substance use.  Tr. 25.  While Plaintiff testified he used marijuana to control his pain, the ALJ found his use prior to the amended onset date (since the age of 10) undermined his claim.  Tr. 25 (citing Tr. 366, 401, 567).

In evaluating a claimant's symptom claims, an ALJ may employ "ordinary techniques of credibility evaluation," including inconsistent statements.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  Specifically, a claimant's inconsistent statements about substance abuse is a sufficient reason to discredit his or her symptom claims.  *See Thomas*, 278 F.3d at 959 (relying on inconsistent statements about substance abuse to reject claimant's testimony); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (same).  Similar to *Thomas* and *Verduzco*, the ALJ here found the Plaintiff was not candid with providers about his history of using methamphetamine, Tr. 25 (*compare* Tr. 567 *with* Tr. 575), which constitutes a clear and convincing reason for finding Plaintiff less than credible.

Plaintiff challenges this finding, arguing that the ALJ may not presume he is less credible because he suffers from addiction, citing SSR 13-2p.  Here, the ALJ

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

1    identified specific reasons for discrediting Plaintiff, including his inconsistent

2    statements.

3        Next, Plaintiff contends he never made inconsistent statements to his

4    providers regarding his substance abuse, alleging he "consistently reported his

5    marijuana use to his treating and examining providers," including "the fact that his

6    marijuana use began in childhood and initially was not for pain control." ECF No.

7    13 at 16. The record supports the ALJ's finding that Plaintiff did not consistently

8    report his marijuana use to providers or tell treating and examining providers his

9    marijuana use began in childhood. *See e.g.*, Tr. 566 (provider reporting there is no

10   indication Plaintiff has drug dependency) and Tr. 366 (noting he used marijuana

11   for pain but omitting he used it recreationally since childhood). Even if he had,

12   Plaintiff does not allege he consistently reported his methamphetamine use. In

13   December 2010, Plaintiff denied using any other illicit drugs. Tr. 567. Six

14   months later, in June of 2011, Plaintiff reported he last used methamphetamine

15   seven months ago. Tr. 575. Plaintiff's lack of candor with medical providers

16   constitutes a clear and convincing reason the ALJ may rely on to discount the

17   credibility of Plaintiff's symptom claims.

18       Accordingly, this Court concludes that the ALJ did not err in discounting

19   Plaintiff's credibility.

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
22

**C. Medical Opinion Evidence**

Next, Plaintiff contends the ALJ improperly discounted the opinions of Advanced Registered Nurse Practitioners (ARNP) Kelli Campbell and Edward Liu.  ARNPs may offer opinions about a claimant's impairment, but they are not entitled to the same deference as, for example, physicians because they are not considered "[a]cceptable medical sources," under the regulations.  20 C.F.R. § 404.1513(a); *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015).  "Rather, nurse practitioners are defined as 'other sources,' the testimony of whom the administrative law judge may discount if he 'gives reasons germane to each witness for doing so.' " *Britton*, 787 F.3d at 1013 (quoting *Molina*, 674 F.3d at 1111).

*1. ARNP Campbell*

Ms. Campbell evaluated Plaintiff's functioning on several occasions.  In March 2010, she noted that Plaintiff was limited to sedentary work due to moderate to marked knee and thigh pain, but noted that Plaintiff could participate in pre-employment training.  Tr. 545-46.  In June 2010, she indicated that Plaintiff could stand for only 30 minutes a day, but could sit for 8 hours a day, and could lift 20 pounds.  Tr. 560-61.  The following month, in July 2010, she limited Plaintiff to sedentary work on account of his marked thigh and knee pain.  Tr. 556-59.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

1    The ALJ first found that Ms. Campbell's March 2010 opinion was based on

2    Plaintiff's subjective report of pain, which the ALJ had previously discounted.  Tr.

3    26.  A treating source's opinion may be rejected if it is based on a claimant's

4    subjective complaints which were properly discounted.  *Tonapetyan v. Halter*, 242

5    F.3d 1144, 1149 (9th Cir. 2001).

6    Second, the ALJ found that Ms. Campbell's treatment notes did not support

7    the severity of limitations she imposed.  Tr. 26.  Ms. Campbell limited Plaintiff to

8    sedentary work, but her treatment notes reflect the Plaintiff suffered only moderate

9    pain.  *Compare* Tr. 546 *with* Tr. 553.  A conflict with treatment notes is a germane

10   reason to reject the opinion of an "other source."  *Molina*, 674 F.3d at 1111-1112.

11   Third, the ALJ found that the objective evidence did not support Ms.

12   Campbell's opinion.  Ms. Campbell opined Plaintiff was limited to sedentary work

13   based on the knee and thigh pain Plaintiff reported, but later an MRI showed

14   Plaintiff had a normal thigh/femur.  Tr. 26 (citing Tr. 554).  Inconsistency with

15   objective evidence is a germane reason for rejecting Ms. Campbell's opinion.

16   *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

17   Fourth, Ms. Campbell's opinion conflicted with her finding that Plaintiff

18   could engage in pre-employment activities and with the other limitations she

19   imposed.  In March 2010, Ms. Campbell limited Plaintiff to sedentary work, which

20   her form describes as "the ability to lift 10 pounds maximum and frequently lift

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
24

and carry small articles.  A sedentary job may require sitting, walking, and standing for brief periods."  Tr. 546.  At that same time, Ms. Campbell indicated Plaintiff could participate in pre-employment activities such as job search and employment classes.  Tr. 547.  In June 2010, Ms. Campbell opined Plaintiff could lift and carry 20 pounds, frequently lift or carry 10 pounds, stand for a half hour and sit for eight hours in an eight-hour workday.  Tr. 560.  Inconsistencies between an "other source's" observations and conclusion that claimant cannot work is a germane reason to reject the "other source's" opinion.  *See Purvis v. Comm'r of Soc. Sec. Admin.*, 57 F. Supp. 2d 1088, 1093 (D. Or. 1999).

Fifth, the ALJ discounted Ms. Campbell's opinion because it conflicted with the opinions of "acceptable medical sources."  While Ms. Campbell limited Plaintiff to standing for a half hour and sitting for eight hours in an eight-hour workday, Dr. Dennis Koukol found Plaintiff could stand and walk about two hours a day and Dr. Marie Ho found Plaintiff could stand and walk for six hours in an eight-hour day.  *Compare* Tr. 560 *with* Tr. 106, 117, 369.  In evaluating the evidence, the ALJ may give more weight to the opinion of an "acceptable medical source" than that of an "other source."  20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996).  An ALJ may reject the opinion of an "other source" on the ground that it conflicts with that of a doctor.  *See Molina*, 674 F.3d at 1112 (conflict with medical source's opinion was germane reason for

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 25

discounting opinion of other source); *Hubble v. Astrue*, 467 F. App'x 675, 676-77

(9th Cir. 2012) (ALJ entitled to give greater weight to "acceptable medical

sources" than to chiropractor); SSR 06–3p, 2006 WL 2329939, at *5 ("The fact

that a medical opinion is from an 'acceptable medical source' is a factor that may

justify giving that opinion greater weight than an opinion from a medical source

who is not an 'acceptable medical source' because . . . 'acceptable medical

sources' are the most qualified health care professionals.") (some internal

quotation marks omitted).

The ALJ provided germane reasons for discounting Ms. Campbell's

assessed limitations.

2.    *ARNP Liu*

In December 2010, Mr. Liu limited Plaintiff to less than an hour of standing

and between one and two hours of sitting in an eight-hour workday.  Tr. 565.  In

June 2011, Mr. Liu limited Plaintiff to less than an hour of standing and sitting in

an eight-hour workday.  Tr. 573.

At the outset, the ALJ noted that Mr. Liu's opinion is afforded less weight

because he does not qualify as an "acceptable medical source."  Tr. 27.  The ALJ

further afforded greater weight to other providers because Mr. Liu's opinions were

out of proportion to the objective findings and treatment evidence.  To support his

finding, the ALJ noted Liu did not provide any notes to explain the drastic decline

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
26

in Plaintiff's ability to stand, walk, or sit.  Tr. 27.  The drastic decline, the ALJ observed, is also inconsistent with the December 2010 MRI, which indicated little, if any, change from the April 2010 MRI.  *Compare* Tr. 571-572 *with* Tr. 554-555. The ALJ noted that physical therapy records from that timeframe contradict Mr. Liu's opinion, indicating Plaintiff could sit as long as he wanted and could stand for up to 30 minutes without symptoms.  Tr. 27 (citing Tr. 497, 511).  Mr. Liu's own treatment notes also contradicted his assessment.  While Mr. Liu indicated Plaintiff's condition was deteriorating in December 2010, eight months later he indicated Plaintiff had made excellent progress in treatment.  Tr. 27 (citing Tr. 565, 580).  These inconsistencies with objective evidence and conflicting treatment notes qualify as germane reasons for rejecting Mr. Liu's opinion. *Bayliss*, 427 F.3d at 1218; *Molina*, 674 F.3d at 1111-1112.

Plaintiff contends the ALJ impermissibly substituted his opinion for a medical judgment.  In contrast, the ALJ properly evaluated the medical testimony and resolved the conflicts between Mr. Liu's drastic limitations and the limitations assessed by "acceptable medical sources," Drs. Ho and Koukol.  *Tommasetti*, 533 F.3d at 1041.

**D. Discrediting of Mrs. Parker's Testimony**

The ALJ considered the testimony from Plaintiff's wife, Candy Parker, and gave it little weight.  Tr. 28.  Plaintiff contends the ALJ erred because Ms. Parker

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 27

1    was competent to testify about her own independent observations of Plaintiff's

2    pain and symptoms.  ECF No. 13 at 20 (citing *Dodrill v. Shalala*, 12 F.3d 915,

3    918-19 (9th Cir. 1993)).

4         Regulations require an ALJ to consider testimony from family and friends

5    submitted on behalf of a claimant.  *See* 20 C.F.R. §§ 404.1529(c)(3),

6    404.1545(a)(3).  "Lay testimony as to a claimant's symptoms or how an

7    impairment affects the claimant's ability to work is competent evidence that the

8    ALJ must take into account."  *Molina*, 674 F.3d at 1114 (citations omitted).  Such

9    lay testimony, like Mrs. Parker's, can be discounted for germane reasons.  *Bayliss*,

10   427 F.3d at 1218.  A conflict between objective medical evidence and a lay

11   person's opinion is a germane reason for discounting that opinion.  *Id.*  Similarly,

12   when the ALJ gives sufficient reasons for rejecting testimony by one witness,

13   those reasons are applicable to similar testimony by another witness.  *See*

14   *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding

15   that because "the ALJ provided clear and convincing reasons for rejecting [the

16   claimant's] own subjective complaints, and because [the lay witness'] testimony

17   was similar to such complaints, it follows that the ALJ also gave germane reasons

18   for rejecting [the lay witness'] testimony").  Here, the ALJ properly discounted the

19   testimony of Mrs. Parker because it was inconsistent with the objective medical

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
28

evidence and simply reiterated the subjective allegations of the Plaintiff. *Id.*; *Bayliss*, 427 F.3d. at 1218.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED.**

2.    Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

The District Court Executive is directed to file this Order, enter **Judgment for Defendant**, provide copies to counsel, and **CLOSE** the file.

DATED this June 10, 2016.

*s/ Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
29